En el Tribunal Supremo de Puerto Rico

| IN RE: | |
|--------|--|
| LIC. VIDALIA RIVERA GARCIA<br>　　　Querellada<br><br>　　　V. | Conducta<br>Profesional<br><br>99TSPR40 |

Número del Caso: AB-98-93

Abogados de la Parte Querellante: Hon. Carlos Lugo Fiol
Procurador General

Lic. Cynthia Iglesias Quiñones
Procuradora General Auxiliar

Abogados de la Parte Recurrida: Por derecho propio

Abogados de la Parte Interventora:

Tribunal de Instancia: Superior

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones:

Juez Ponente:

Fecha: 3/19/1999

Materia:

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Lcda. Vidalia Rivera García        AB-98-93

PER CURIAM

San Juan, Puerto Rico, a 19 de marzo de 1999

I

El 19 de junio de 1998 la Juez Administradora Regional del Centro Judicial (Municipio) de Fajardo, Hon. Magalie Hosta Modestti, presentó queja jurada contra la Hon. Vidalia Rivera García, Fiscal de Distrito de Fajardo.[1] Expuso que el 4 de mayo de 1998, alrededor de las 10:00 a.m., la Fiscal Rivera García compareció a su oficina disgustada por la suspensión de una vista preliminar en alzada fijada para ese día, que no se le había notificado. Expresó

---

[1] La queja original presentada en 4 de mayo de 1998, no fue jurada. Subsiguientemente se subsanó esta omisión. Ello explica la aparente, pero no real, incongruencia en algunas fechas.

que la Fiscal Rivera García de forma destemplada, fuera de control y en voz alta infirió improperios contra los fiscales bajo su supervisión y atacó la parcialidad de los jueces de la región.

El 22 de mayo de 1998, la Fiscal Rivera García contestó la queja. En su contestación relata lo sucedido y, específicamente indica, que el día de los hechos le dijo a la Juez Hosta Modestti que ella debería evitar las repetidas demoras de las vistas preliminares en los casos donde los acusados eran representados por su esposo, el Lcdo. José M. Lugo Zalduondo.[2]

El 29 de diciembre de 1998, el Procurador General nos rindió su Informe, en el cual concluye que la conducta desplegada por la Fiscal Rivera García constituye una violación al Canon 9 de Ética Profesional. Por su parte, la Fiscal Rivera García, mediante carta fechada el 6 de octubre de 1998, solicitó excusas a la Hon. Hosta Modestti, por el malestar que su "emotividad" causó.

Vistas las recomendaciones provistas en el Informe del Procurador General y examinadas las contestaciones y demás documentos, resolvemos sin ulterior trámite.

II

El Canon 9 impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por

---

[2] La Certificación sometida por el Secretario del Centro Judicial de Fajardo, Sr. Pablo L. Rosa, que relaciona los resultados de los casos en donde ha participado el Lcdo. Zalduondo, desmiente cualquier alegado trato privilegiado.

el mayor respeto. **Ello incluye la obligación de desalentar y evitar ataques injustificados o atentados ilícitos contra los jueces o contra el buen orden de la administración de la justicia en los tribunales."**

Este canon, junto a otros postulados deontológicos de similar naturaleza, guían la gestión profesional de los abogados y abogadas en nuestra jurisdicción. In re: Francisco Valcárcel Mulero, res. en 15 de noviembre de 1996. A su amparo hemos reiterado que todo abogado, "debe ejercerse de forma tal que no resulte en una violación a las disposiciones que reglamentan la conducta del abogado para con los tribunales y que imponen, a los primeros, observar una conducta del mayor respeto a los tribunales." In re: Miranda Marchand, res. en 29 de marzo de 1994.

La conducta desplegada y admitida por la Fiscal Rivera García el 4 de mayo de 1998 está en contravención con el deber que impone a todo abogado y fiscal el mayor respeto para con los tribunales y jueces. Con su ataque a la imparcialidad de la Juez Administradora Hosta Modestti y demás jueces de la Región de Fajardo, sobre el control y adjudicación de los casos en que el Lcdo. Lugo Zalduondo era abogado infringió el canon aludido.

Sin moderación en el lenguaje y temperamento, abogados, fiscales y jueces no podemos funcionar. En todo caso hemos de evitar la grosería, gritería, el empleo de imputaciones infundadas y, sobre todo, alegaciones contrarias a la verdad o desprovistas de una razonable

presunción de exactitud. In re: Lcdo. Alfredo Cardona Álvarez, 116 D.P.R. 895 (1986).

                                III

A la luz de lo expuesto, concluimos que la Fiscal Rivera García infringió el Canon 9 de Ética. **Como sanción procede nuestra más enérgica censura**. Queda apercibida de la necesidad de ejercer mayor automoderación y evitar transgresiones de este tipo, so pena de ser en el futuro sancionada con mayor severidad.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

   Lcda. Vidalia Rivera García         AB-98-93


                    SENTENCIA



San Juan, Puerto Rico, a 19 de marzo de 1999


     Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, procede contra la Fiscal Vidalia Rivera García, como sanción, nuestra más enérgica censura. Queda apercibida de la necesidad de ejercer mayor automoderación y evitar transgresiones de este tipo, so pena de ser en el futuro sancionada con mayor severidad.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no interviene. El Juez Asociado señor Fuster Berlingeri no intervino.


                         Isabel Llompart Zeno
                          Secretaria del Tribunal Supremo